UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KAREEM PRIOR,

                              Plaintiff,

  v.                                                                No. 04-CV-354
                                                                              (DNH/DRH)

GLEN S. GOORD, Commissioner, Dept. of
Correctional Services; and WARREN BARKLEY,
Superintendent, Cape Vincent Correctional
Facility,

                              Defendants.

---

**APPEARANCES:**                        **OF COUNSEL:**

KAREEM PRIOR
No. 03-R-0647
Plaintiff Pro Se
Elmira Correctional Facility
Post Office Box 500
1879 Davis Street
Elmira, New York 14902-0500

HON. ANDREW M. CUOMO          CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the              Assistant Attorney General
   State of New York
Attorneys for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Kareem Prior ("Prior"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1983 alleging that defendants, two DOCS employees, violated his constitutional rights under the Fourteenth Amendment. See Compl. (Docket No. 1).[2] Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. See Docket No. 39. Prior has failed to respond to the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I. Failure to Respond

Prior did not oppose defendants' motion. See Docket No. 40. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; see also Fed. R. Civ. P. 56©. Because Prior has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 39) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. Civ. 00-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II. Background

Prior is African-American and, at all relevant times, groomed his hair in cornrows and

---

[2]Five other plaintiffs joined Prior in filing the complaint. Docket No. 1. The claims of the five co-plaintiffs were previously dismissed. See Docket Nos. 10, 17. Prior is the only remaining plaintiff.

was an inmate in the custody of DOCS.  On March 1, 2004, Prior was approached by Sgt. Webber ("Webber") in the cafeteria at the Cape Vincent Correctional Facility.  See Compl. Prior contends that Webber informed him that if he did not cut his hair, he would be put "in the box."  Id.  Prior contends that Sgt. Webber's direction followed from a DOCS policy directive regarding inmates' hair and grooming which unfairly discriminated against African-Americans.  Id.  This action followed.

### III. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56©; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial.  The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary

3

judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

## IV. Discussion

Liberally construed, Prior's complaint asserts a single cause of action against both defendants alleging that they discriminated against him based on his race in violation of the Fourteenth Amendment.

### A. Equal Protection

Prior's complaint alleges that the DOCS grooming policy "shields white inmates from harassment . . . and gives the officers the discretion to harass, threaten, intimidate and discipline African-American inmates." See Compl. at ¶ 6.

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law. Essential to that protection is the guarantee that similarly situated persons be treated equally. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that

such unequal treatment was the result of intentional and purposeful discrimination." Myers v. Barrett, No. Civ. 95-1534(RSP/GJD), 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997). In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005).

Here, Prior makes only vague and conclusory allegations that he was denied the equal protection of the laws and thus has failed sufficiently to show an equal protection violation. See De Jesus v. Sears Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996). Equally significant here is that the complaint contains no allegation as to which inmates in a similar situation were treated differently than Prior.[3] Oliver v. Cuttler, 968 F. Supp. 83, 88 (E.D.N.Y. 1997). Thus, Prior has failed to raise any triable question of fact as to this claim.

Therefore, it is recommended that defendants' motion be granted as to Prior's equal protection claims.

### B. Verbal Harassment

Liberally construed, Prior's complaint contends that the grooming policy "gives the officers the discretion to harass, threaten, intimidate and discipline African-American inmates." See Compl. at ¶ 6. Prior also contends that he was approached by a corrections

---

[3] Although Prior mentions that the DOCS grooming policy was "designed with only white, straight-haired inmates in mind," he fails to allege any incidents in which the DOCS staff applied the policy differently against African-Americans and other similarly situated individuals.

officer and told that if he did not cut his hair he would be "going in the box." See Compl. However, verbal harassment or threats in a prison setting do not rise to the level of a constitutional violation. See Ebron v. Lantz, No. Civ. 04-1375 (MRK), 2006 WL 18827, at *3-4 (D. Conn. Jan. 4, 2006) (citing cases); see also Tate v. Robinson, No. Civ. 97-528 (RSP/RWS), 1998 WL 214429, at *2 (N.D.N.Y. Apr. 23, 1998) ("Plaintiff has no constitutional right . . . to be free from verbal harassment and threats.").

Therefore, it is recommended that defendants' motion be granted as to Prior's claims as to verbal harassment and threats.

### C. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Prior's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, it is recommended that defendants' motion for summary judgment on this alternative ground be granted.

## V.  Conclusion[4]

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 39) be **GRANTED** as to all claims and both defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  June 14, 2007
　　　　Albany, New York

*David R. Homer*
United States Magistrate Judge

---

[4] Defendants also contend that Prior failed to exhaust his available administrative remedies.  See Defs. Mem. of Law (Docket No. 39) at 5-6.  However, it is recommended herein that defendants' motion should be granted as to all of Prior's claims on other grounds.  Thus, there is no need to address this argument.